

FILED

LEC 3 1 2001

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EUGENE ROBERT CATE,

          Petitioner,

    v.

ROBERT L. AYERS,

          Respondent.

NO. CIV. S-01-0384 WBS JFM P

MEMORANDUM AND ORDER

----oo0oo----

        Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On November 9, 2001, the magistrate judge filed findings and recommendations which recommended that respondent's June 28, 2001 motion to dismiss be denied. Respondent filed objections to those findings and recommendations on November 28, 2001. In accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of the case.

///

17

1  I.   Factual and Procedural Background

2          On August 22, 1995, petitioner was sentenced in state
3  court to life without possibility of parole, consecutive to a
4  determinate 18-year prison term, based on his conviction for
5  first degree murder with special circumstances.  Petitioner's
6  conviction was affirmed by the California Supreme Court on
7  January 15, 1997 and became final 90 days thereafter, on April
8  15, 1997.  See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

9          On January 16, 1998, petitioner filed a petition for
10 writ of habeas corpus in the Del Norte County Superior Court.
11 That petition was denied on February 19, 1998.  On April 16,
12 1998, petitioner filed a petition for writ of habeas corpus in
13 the California Court of Appeal for the First Appellate District.
14 That petition was denied on April 21, 1998.  On May 5, 1999,
15 petitioner filed a petition for writ of habeas corpus in the
16 Siskiyou County Superior Court.  That petition was denied on May
17 25, 2000.

18         On May 18, 1999, petitioner filed a petition for writ
19 of habeas corpus in the United States District Court for the
20 Northern District of California.  That petition was transferred
21 to this court on July 2, 1999 and assigned Case No. CIV S-99-1466
22 WBS JFM P.  On June 2, 2000, with no petition pending in any
23 state court, and with no petition ever having been filed in the
24 California Supreme Court, Case No. CIV S-99-1466 WBS JFM P was
25 dismissed by this court as barred by the statute of limitations.

26         Then, on August 28, 2000, petitioner filed a petition
27 for writ of habeas corpus in the California Supreme Court.  That
28 petition was denied on January 30, 2001.  On February 26, 2001,

2

1 petitioner filed the instant petition, Case No. CIV. S-01-0384
2 WBS JFM P.   Respondent filed a motion to dismiss in this case on
3 June 28, 2001, arguing that: 1) the instant petition is barred by
4 the statute of limitations; and 2) the instant petition is a
5 second or successive petition and therefore must be dismissed
6 because petitioner has not obtained authorization to proceed from
7 the Court of Appeals for the Ninth Circuit.   The magistrate
8 judge, by order dated November 9, 2001, has recommended that the
9 motion to dismiss be denied on both grounds.

10 II.   Discussion

11                    A.   Statute of Limitations

12          Respondent concedes that this court is bound to follow
13 the tolling rule set forth by the Court of Appeals for the Ninth
14 Circuit in Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert.
15 denied, 529 U.S. 1104 (May 1, 2000) and restated in Saffold v.
16 Newland, 224 F.3d 1087 (9th Cir. July 17, 2000), opinion amended
17 and superseded on denial of rehearing, 250 F.3d 1262 (9th Cir.
18 May 23, 2001), cert. granted, 122 S.Ct. 393 (Oct. 15, 2001).

19          The applicable statue of limitations in this case is
20 the one-year period set forth in Section 101 of the Antiterrorism
21 and Effective Death Penalty Act of 1996 ("AEPDA").   See 28 U.S.C.
22 § 2244 et seq.   The statute further provides that [t]he time
23 during which a properly filed application for State post-
24 conviction or other collateral review ... is pending shall not be
25 counted toward any period of limitation under this subsection."
26 28 U.S.C. § 2244(d)(2).   The Nino and Saffold opinions dictate
27 how this court must interpret the term "pending" for purposes of
28 calculating a tolling period under the AEDPA.

                                  3

1    In <u>Nino v. Galaza</u>, the court held that AEDPA's one-
2 year statute of limitations "is tolled from the time the first
3 habeas petition is filed until the California Supreme Court
4 rejects the petitioner's final collateral challenge." 183 F.3d at
5 1006.  The court further crystallized that principle in <u>Saffold</u>
6 <u>v. Newland</u>.  There, the court reversed the district court and
7 found that "Saffold had a state collateral proceeding 'pending'
8 within the meaning of AEDPA's tolling provision,... during the
9 entire period from the time he filed his state petition in the
10 trial court until the California Supreme Court denied his habeas
11 petition," including during a four and one-half month period
12 between the Court of Appeals' denial of his petition and his
13 filing of a petition in the California Supreme Court.  250 F.3d
14 at 1265-1266.

15    The <u>Saffold</u> holding has been the subject of some
16 judicial criticism.  <u>See e.g.</u>, <u>Fernandez v. Sternes</u>, 227 F.3d
17 977, (7th Cir. 2000) ("it is not sensible to say that the
18 petition continues to be 'pending' after the time for further
19 review has expired without action to continue the litigation...
20 <u>Saffold</u> implements a make-believe approach, under which petitions
21 were continuously pending whenever a state court allows an
22 untimely filing. We prefer reality...[a petition] is not
23 'pending' long before its filing.  We decline to follow
24 <u>Saffold</u>."); <u>Robinson v. Rick</u>, 163 F.Supp.2d 155 (ED NY 2001)("to
25 say that a post-conviction motion remains 'pending' even when
26 there is no undecided application before any court, would distort
27 the plain meaning of the term"); <u>Welch v. Newland</u>, 267 F.3d 1013,
28 1018 (9th Cir. 2001)(Gould, J. concurring, noting that <u>Saffold</u>

4

"operates substantially to frustrate the intent of Congress in imposing a one-year period of limitations period for state prisoners filing federal petitions," and urging that Saffold be reexamined).[1]

In this case, application of the Saffold rule creates the very "there and not there at the same time" Cheshire-cat-like statute of limitations that the Seventh Circuit warned of in Fernandez v. Sternes, 227 F.3d at 980-981.[2]  In June of 2000, nine months having passed after petitioner's conviction became final and before he filed his first state habeas petition, 25 months having passed since petitioner's first state habeas petition was denied by the California Court of Appeals, and with no petition having been filed with the California Supreme Court,[3]

---

[1]   The dissent in Saffold disagreed with the majority's interpretation of Nino v. Galaza, and argued that "[t]he language of Nino expressly contemplated the possibility that the clock would run during periods in which the petitioner was 'not properly pursuing his state post-conviction remedies.'" Saffold v. Newland, 250 F.3d at 1270 (O'Scannlain, J., dissenting)(citing Nino v. Galaza, 183 F.3d at 1006 n.4).  The dissent also noted that Nino expressly exempts from its holding instances in which "the California state courts have dismissed a state habeas petition as untimely because the petitioner engaged in substantial delay in asserting habeas claims," and further argues that a four-and-one-half month delay falls "substantially outside the period that Nino tolls for 'properly pursu[ed]' state post-conviction remedies."  Id.

[2]   The Fernandez opinion sternly criticized the Saffold holding specifically because it left open the possibility that a federal petition could be dismissed as untimely with no state Supreme Court petition pending, then, after a petition was later filed with the state Supreme Court, a subsequent federal petition would have to be deemed timely by operation of Saffold's "retroactive change[] in timeliness."  Id.

[3]   Petitioner's first state petition was originally filed in Del Norte County Superior Court and was denied by the California Court of Appeals First Appellate District on April 21, 1998. Petitioner's second state petition was filed in Siskiyou County

1  this court adopted the recommendation of the magistrate judge and
2  ruled that petitioner's district court petition was barred by the
3  statute of limitations.[4]

4        Approximately three months after the court's June 2000
5  order, however, petitioner finally filed a petition for writ of
6  habeas corpus in the California Supreme Court.  Thus, applying
7  Saffold's rule, though petitioner's first district court
8  petition, filed 21 months earlier, was barred by the statute of
9  limitations, petitioner's second district court petition is not.
10 According to Saffold, now that petitioner has brought his habeas
11 claims to the highest court of the state, the entire period
12 during which he "pursued" state collateral review is tolled,
13 including those lengthy periods during which he did nothing and
14 had no petition before any state court.  The statute in this case
15 must therefore be tolled from January 16, 1998 to January 30,
16 2001.[5]

17

18 Superior Court on May 5, 1999 and was denied by that court on May
19 25, 2000.  Ninety-five days later, petitioner filed an original
   petition in the California Supreme Court.

20      [4]  The court's order, filed June 2, 2000, Case No. CIV S-99-
21 1466 WBS JFM P, cited Nino v. Galaza for the rule that "the
   statute is tolled from the time the first habeas petition is
22 filed until the California Supreme Court rejects the collateral
   challenges" and found that "since petitioner never presented his
23 collateral challenges to the California Supreme Court, the
   tolling provisions of [28 U.S.C. § 2244] do not apply."

24      [5]  Other courts have applied Saffold to toll the statute of
25 limitations for similarly long periods of time, a result which at
   first seems contrary to the stated purpose of AEDPA.  See e.g.,
26 Welch v. Newland, 267 F.3d at 1015(reversing the district court's
   ruling that the statute was not tolled between the date a
27 petition was denied by the California Superior Court and the date
   an original habeas petition was filed with the California Supreme
28 Court, and holding that the four-and-a-half year gap between
   those petitions was tolled under Saffold); see also Romero v.

6

1      276 days passed between the finality of petitioner's
2  conviction on April 15, 1997 and the filing of his first state
3  habeas petition on January 16, 1998.  The instant district court
4  petition was filed on February 26, 2001, 27 days after the
5  tolling period ended on January 30, 2001.  Implementing the
6  tolling period mandated by Saffold, only the sum of those two
7  periods, a total of 303 days, may be counted against the one-year
8  statute of limitations.  The court will therefore, applying
9  Saffold,[6] adopt the magistrate judge's finding that, though the
10 prior district court petition was barred by the statute of
11 limitations, the instant petition is not.

12     B.    Second or Successive Petition

13     If this is a second or successive petition, pursuant to
14 28 U.S.C. § 2244(b), petitioner must obtain authorization from
15 the Court of Appeals for the Ninth Circuit before he can proceed
16 with this petition.  According to the rule set forth in Slack v.
17 McDaniel, a petition will not be deemed a "second or successive"
18 petition for the purposes of Section 2244 where the prior

19

20 Roe, 130 F. Supp.2d 1148 (C.D. Cal 2001)(tolling the statute to
   cover a 15 month period of state post-conviction litigation). The
21 Court of Appeals for the Fifth Circuit, however, recently noted
   that results such as the seemingly illogical one in the instant
22 case are possible, but not inconsistent with "Congress's intent
   to encourage exhaustion of state remedies."  See Melancon v.
23 Kaylo, 259 F.3d 401, 407 (5th Cir. 2001)(noting that "[a] state
   court's subsequent decision to allow review may toll the time
24 relating directly to the application, but it does not change the
   fact that the application was not pending prior to the
25 application").

26     [6]  This court is bound to follow Ninth Circuit authority
   until such precedent is overruled by an intervening U.S. Supreme
27 Court opinion, by an en banc panel of the circuit, or by a
   controlling Act of Congress.  United States v. Edwards, 13 F.3d
28 291, 294 (9th Cir. 1993).

7

1   petition "was not adjudicated on the merits." <u>See</u> <u>Green v.</u>
2   <u>White</u>, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000)(citing <u>Slack v.</u>
3   <u>McDaniel</u>, 529 U.S. 473, 485-486 (2000)("A habeas petition filed
4   in the district court after an initial habeas petition was
5   unadjudicated on its merits and dismissed for failure to exhaust
6   state remedies is not a second or successive petition.")

7           In this case, as discussed above, petitioner's first
8   district court habeas petition was dismissed on the ground that
9   it was barred by the statute of limitations.  The law is clear
10  that a dismissal based on the statute of limitations is an
11  adjudication of the merits of the claim.  <u>See</u> <u>Ellingson v.</u>
12  <u>Burlington Northern Inc.</u>, 653 F.2d 1327, 1330 n.3 (9th Cir.
13  1981)("[a] judgment based on the statute of limitations is 'on
14  the merits'", citing <u>Mathis v. Laird</u>, 457 F.2d 926, 927 (5th Cir.
15  1972), <u>cert. denied</u>, 409 U.S. 871 (1972)).  <u>See also</u> <u>Plaut v.</u>
16  <u>Spendthrift Farm</u>, 514 U.S. 211, 228 (1995)("The rules of
17  finality, both statutory and judge made, treat a dismissal on
18  statute-of-limitations grounds the same way they treat a
19  dismissal for failure to state a claim, for failure to prove
20  substantive liability, or for failure to prosecute: *as a judgment*
21  *on the merits*.")(emphasis added)(citing Fed. R. Civ. P. 41(b) and
22  <u>United States v. Oppenheimer</u>, 242 U.S. 85, 87-88 (1916)).  Thus,
23  because petitioner's prior district court petition was
24  adjudicated on its merits, petitioner's instant petition is a
25  "second or successive petition" for purposes of 28 U.S.C.
26  2244(b).

27          In his November 9, 2001 findings and recommendations,
28  the magistrate judge cited <u>Green v. White</u> and <u>Slack v. McDaniel</u>

1  for the general rule that a petition is not a "second or
2  successive petition" unless the prior petition was "adjudicated
3  on the merits."  The magistrate judge also cited <u>Stewart v.</u>
4  <u>Martinez-Villareal</u>, 523 U.S. 637, 645 (1998)(where claims are not
5  adjudicated on merits in first petition dismissed for "technical
6  procedural reasons," subsequent petition is not "second or
7  successive").  None of those cases, however, dealt with a prior
8  dismissal on statute of limitations grounds.  Each addressed a
9  prior dismissal that was not a final judgment on the merits of
10 the claim.  <u>See</u> <u>Green</u>, 223 F.3d at 1002 n.1 (prior petition
11 dismissed for failure to exhaust state remedies); <u>Slack</u>, 529 U.S.
12 485-486 (prior petition dismissed for failure to exhaust state
13 remedies); and <u>Stewart</u>, 523 U.S. at 640-644 (prior petition
14 dismissed as premature, a dismissal which the Court analogized to
15 dismissal for failure to exhaust).

16        It is not difficult to understand why the magistrate
17 judge reasoned as he did, given the circumstances of this case.
18 The "finality" of a statute of limitations dismissal is the very
19 reason courts have treated such dismissals as judgments "on the
20 merits."  <u>See e.g.</u>, <u>Plaut</u> 514 U.S. at 228.  On the facts of this
21 case, where application of the <u>Saffold</u> rule has effectively
22 destroyed that finality, it may make more sense to create a
23 category of "technical procedural" dismissals especially for
24 statute of limitations dismissals that later turn out to have
25 been "premature."  To do so, however, would be contrary to the
26 weight of case law recognizing statute of limitations dismissals
27 as judgments on the merits.  Moreover, as Judge Gould noted in
28 his concurring opinion in <u>Welch v. Newland</u>, remedying the

9

1 problems presented by <u>Saffold</u> is not a task properly undertaken
2 by this court.  <u>See</u> 267 F.3d at 1018.

3        As discussed above, the law is clear that a dismissal
4 on statute of limitations grounds, unlike the prior dismissals in
5 <u>Green</u>, <u>Slack</u>, and <u>Stewart</u>, operates as a final judgment on the
6 merits.

7        28 U.S.C § 2244(b)(3)(A) mandates that "[b]efore a
8 second or successive application permitted by this section is
9 filed in the district court, the applicant shall move in the
10 appropriate court of appeals for an order authorizing the
11 district court to consider the application."  Then, at Section
12 2244(b)(4), the statute requires that "[a] district court shall
13 dismiss any claim presented in a second or successive application
14 that the court of appeals has authorized to be filed unless the
15 applicant shows that the claim satisfies the requirements of this
16 section."  Because the instant petition is a second or successive
17 petition filed without the requisite authorization and showing,
18 it is therefore subject to dismissal.

19        IT IS THEREFORE ORDERED that respondent's motion to
20 dismiss be, and the same is HEREBY GRANTED.

21 DATED: December 28, 2001

22                              WILLIAM B. SHUBB
23                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                              10

United States District Court
for the
Eastern District of California
December 31, 2001


* * CERTIFICATE OF SERVICE * *


2:01-cv-00384


Cate

   v.

McGrath

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  December 31, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


      Eugene Robert Cate           SH/WBS
      J-74185
      PBSP-1                     CF/JFM
      Pelican Bay State Prison
      PO Box 7500
      Crescent City, CA   95532

      Robert R Anderson
      Attorney General's Office of the State of California
      PO Box 944255
      1300 I Street
      Suite 125
      Sacramento, CA  94244-2550


                              Jack L. Wagner, Clerk

                        BY: _____
                            Deputy Clerk